UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD V. REDDICK,

        Plaintiff,

v.                                                                               Case Number: 07-10406
                                                           HON. MARIANNE O. BATTANI
WINGATE MANAGEMENT, CITY
OF DETROIT POLICE DEPARTMENT,

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
### *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and his Complaint. For the reasons that follow, Plaintiff's application is **GRANTED**, and Plaintiff's Complaint is **DISMISSED.**

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 109 S.Ct. 364 (1988).

Plaintiff's claim of indigence is supported by his application. See Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Foster v. United States, 344 F.2d 698, 699-700)(6th Cir. 1965) (per curiam). Plaintiff is currently unemployed, homeless and relies on the largess of others for support.

See Application at 2-4. Based on his affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even if plaintiff establishes indigence, the screening mandated by Congress in § 1915(e)(2) includes the obligation to dismiss civil complaints if they "fail to state a claim upon which relief may be granted."  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Section 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (I)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Here, although Plaintiff names Wingate Management as a Defendant, he claims that his Complaint is "solely" based on the City of Detroit Police Department's failure to investigate two illegal evictions in 2000.  This is the sole allegation in the Complaint relating to conduct by the police or Wingate Management.  Plaintiff includes additional allegations that his spiritual life was stolen when he "delivered demonic demons" from his ex-wife, that he has family issues with his mother, aunt, grandmother and cousin, and that he traveled "[to Washington D.C.] to resolve these and other matters."  See Compl.

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, such complaints still

must plead facts sufficient to show a redressable legal wrong has been committed. FED.R.CIV.P. 12(b); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).

Even with most liberal reading of Plaintiff's rambling, unintelligible Complaint, the Court cannot discern sufficient facts to support a viable federal claim against Defendants. The Complaint lacks a factual basis as to the timing of or any conduct on the part of the Detroit Police Department in violation of Plaintiff's constitutional rights. In sum, Plaintiff's Complaint falls far short of meeting the notice pleading standard under Rule 8, FED.R.CIV.P., because it is entirely conclusory, giving no idea what acts Defendants are alleged to have committed that could result in liability.

Accordingly, Plaintiff's Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: January 30, 2007

### CERTIFICATE OF SERVICE

A Copy of this Order was served upon Gerald Reddick on this date by ordinary mail.

s/Bernadette M. Thebolt
Deputy Clerk